1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JERRY A. HOFFINE,

11              Petitioner,                    No. CIV S 08-1369 FCD KJM P

12        vs.

13   M.C. KRAMER, et al. ,

14              Respondents.               <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16              Petitioner is a California prisoner proceeding pro se with an application for writ

17   of habeas corpus under 28 U.S.C. § 2254.  Petitioner challenges a 2006 denial of parole.

18   Respondent has filed a motion to dismiss petitioner's habeas application as time-barred.

19              Title 28 U.S.C. § 2244(d)(1) provides as follows:

20              A 1-year period of limitation shall apply to an application for a
               writ of habeas corpus by a person in custody pursuant to the
21             judgment of a State court.  The limitation period shall run from
               the latest of –
22
               (A) the date on which the judgment became final by the
23             conclusion of direct review or the expiration of the time for
               seeking such review;
24
               (B) the date on which the impediment to filing an application
25             created by State action in violation of the Constitution or laws of
               the United States is removed, if the applicant was prevented from
26             filing by such State action;

                                      1

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

With respect to a denial of parole by the California Board of Prison Terms, the section 2244(d)(1) limitations period begins to run under section 2244(d)(1)(D) when the parole process is completed. See Redd v. McGrath, 343 F.3d 1077, 1081-82 (9th Cir. 2003). Petitioner had his parole hearing on January 20, 2006. Mot. To Dismiss at 2. The process was complete on May 20, 2006 when the decision to deny petitioner parole became final. Id., Ex. 1 part B at 113[1]; 15 C.C.R. § 2041(h) (decision to deny parole to life prisoner is final within 120 days of initial hearing). Thus, for petitioner, the statute of limitations began to run on May 21, 2006, the day after the Board's decision became final, and would have ended on May 20, 2007, without the application of any tolling.

Section 2244(d)(2) of AEDPA provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, 536 U.S. 214 (2002), the Supreme Court found that habeas petitioners are generally entitled to tolling of the limitations period under 28 U.S.C. § 2244(d)(2) for the period of time after which a habeas petition is denied at a lower court until a subsequent filing at a higher court, to the extent petitioner seeks higher court review of the lower court's decision. Carey, 536 U.S. at 221-25; see also Evans v. Chavis, 546 U.S. 189, 201 (2006) (addressing reasonableness of gap periods of tolling).

---

[1] Page references are to the number assigned by the court's electronic docketing system unless otherwise noted.

1    Petitioner filed an application for writ of habeas corpus in Sacramento County

2    Superior Court on April 19, 2007.  Mot. To Dismiss, Ex. 1 part A at 48.[2]  The petition was

3    denied on July 26, 2007.  Id., Ex. 2  at 2-3.  Next, petitioner filed a petition in the California

4    Court of Appeal on September 2, 2007.  Id., Ex. 3 part A at 52.  The Court of Appeal denied the

5    petition on September 13, 2007.  Id., Ex. 4 at 2.  Petitioner filed his final state habeas petition in

6    the Supreme Court of California on October 23, 2007.  Id., Ex. 5 part A at 49. That petition was

7    denied on April 23, 2008.  Pet. at 3.  Respondent does not dispute that petitioner is entitled to

8    tolling of the limitations period from the time his initial state habeas petition was filed on April

9    17, 2007, until the date his last petition was denied on April 23, 2008.

10    Considering the above, the court finds that the limitations period ran between May

11    21, 2006, the day after the parole denial became final, and April 18, 2007 for a total of 333 days.

12    The period began to run again on April 24, 2008 and then ran out on May 25, 2008.  Because this

13    action was not commenced until June 15, 2008, Pet. at 50, this action is time-barred unless saved

14    by equitable tolling.

15    "Equitable tolling" of the limitations period is appropriate when extraordinary

16    circumstances beyond a habeas petitioner's control make it impossible for him to file on time.

17    See, e.g., Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).  A petitioner

18    seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently; and

19    (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408

20    (2005).

21    Petitioner asserts he delayed in bringing this action because he was waiting for the

22    United States Supreme Court to decide Cunningham v. California,127 S. Ct. 857 (2007) and the

23    Ninth Circuit to decide Irons v. Carey, 506 F.3d 951 (9th Cir. 2007), two cases petitioner thought

24

25    [2]   For purposes of the statute of limitations and tolling provisions, the court deems actions filed on the date the initiating pleading was submitted to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 270 (1988); Lewis v. Mitchell, 173 F. Supp. 2d 1057, 1058 n.1

26    (C.D. Cal. 2001).

1   might impact his claims.  Opp'n at 1.  Nothing suggests, however, it was impossible for

2   petitioner to bring his claims while the two cases were pending.  For example, it appears

3   petitioner could have filed in the California Superior Court and then requested a stay pending the

4   outcome of <u>Cunningham</u> and <u>Irons</u>.

5           Petitioner also claims he is entitled to equitable tolling of the limitations period

6   between March 4, 2008, when his "jailhouse lawyer" was admitted to the hospital, and June 15,

7   2008 when this action was filed.  Opp'n at 8.  Petitioner claims that while his jailhouse lawyer

8   was recovering from back surgery for "a number of weeks," he could not assist petitioner and

9   petitioner could not gain access to his legal documents.  <u>Id</u>.

10          Courts have held that mistakes by jailhouse lawyers generally do not provide a

11  basis for equitable tolling.  In <u>United States v. Cicero</u>, for example, in which the petitioner

12  "unfortunately gave his legal papers to a jailhouse lawyer whose placement in segregation

13  separated petitioner and his papers from some time before the expiration of the one year grace

14  period until after the filing deadline had passed," the court observed that petitioner had not

15  shown he had diligently pursued the filing of his motion.  214 F. 3d 199, 204 (D.C. Cir. 2000).

16  In affirming the denial of equitable tolling, the court noted in particular that petitioner had not

17  made any formal request for return of his papers, or sought an extension of time from the court,

18  steps that would have signaled diligence.  <u>See also</u> <u>Paige v. United States</u>, 171 F.3d 559, 561 (8th

19  Cir. 1999) (where petitioner hired brother who was an inmate in another facility to prepare

20  motion, and deadline drew near without his having received the motion, equitable tolling not

21  available because nothing prevented petitioner from preparing document himself or seeking help

22  of another inmate at his institution of residence); <u>Henderson v. Johnson</u>, 1 F. Supp. 2d 650 (N.D.

23  Tex. 1998) (circumstances created by petitioner's hiring of jailhouse lawyer who misrepresented

24  that he had timely filed a document on petitioner's behalf, when he had not, did not satisfy

25  equitable tolling).

26  /////

1    Petitioner fails to specifically identify how long he was without access to his

2 jailhouse lawyer or his legal materials.  He also fails to point to anything indicating he could not

3 complete his habeas application without the assistance of his jailhouse lawyer and does not

4 indicate it was impossible to retrieve his legal materials with the assistance of correctional staff

5 while petitioner's jailhouse lawyer was unavailable. Pet. at 8-9.  He has not met his burden of

6 establishing a right to equitable tolling.

7    For the foregoing reasons, the court will recommend that respondent's motion to

8 dismiss be granted, and this action be dismissed as time-barred.

9    Accordingly, IT IS HEREBY RECOMMENDED that:

10    1. Respondent's March 13, 2009 motion to dismiss (#15) be granted; and

11    2. This action be dismissed.

12    These findings and recommendations are submitted to the United States District

13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

14 days after being served with these findings and recommendations, any party may file written

15 objections with the court and serve a copy on all parties.  Such a document should be captioned

16 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

17 shall be served and filed within ten days after service of the objections.  The parties are advised

18 that failure to file objections within the specified time may waive the right to appeal the District

19 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20 DATED:  July 2, 2009.

21

22    _____

23    U.S. MAGISTRATE JUDGE

24

25 1/sn
hoffl369.157

26